IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| JANE ROE, | |
|---|---|
| *Plaintiff-Appellant*, | |
| v. | No. 21-1346 |
| UNITED STATES, *et al.*, | |
| *Defendants-Appellees*. | |

**APPELLEES' RESPONSE IN OPPOSITION TO MOTION TO FILE DECLARATION**

Defendants respectfully request that the Court deny appellant Jane Roe's motion to file a declaration and direct her to remove any references to the declaration from her recently-filed reply brief. Roe's declaration impermissibly seeks to expand the record on appeal by adding new facts that appear nowhere in her complaint, that were never raised in district court, and that do not respond to any of defendants' arguments. Contrary to Roe's assertions (Motion 1-2), defendants' response brief did not make "unsupported factual assertions" regarding her claim for reinstatement; defendants' arguments are supported fully by citations to—and direct quotes from—Roe's complaint. *See* Def. Br. 21. And even if defendants' descriptions of Roe's claims and arguments below were not so clearly supported by the record, she would not be "entitled to rebut" those descriptions with a new declaration submitted on appeal, Motion at 2, because this Court must evaluate Roe's claims based only on the

record before the district court. And by citing these new assertions for the first time in her reply brief, *see, e.g.*, Reply Br. 3, 7, Roe has deprived defendants of a fair opportunity to respond.

 1. Although Roe claims that a declaration is necessary to rebut "unsupported factual allegations" made in defendants' response brief, the only allegation she identifies is the statement that Roe "disclaimed" an interest in reinstatement. Motion 1-2 (citing Def. Br. 21). But that assertion is fully supported by Roe's complaint and numerous statements made in her responses to defendants' motions to dismiss. As those filings demonstrate, Roe explicitly declined to seek reinstatement from the start: her complaint sought "front pay *in lieu of* reinstatement," JA 101 (emphasis added), and she reiterated that concession in her response to defendants' motions to dismiss, *see* JA 391 ("[Roe] is seeking declaratory relief and appropriate equitable remedies, including front pay and back pay *in lieu of* reinstatement." (emphasis added)); *see also* JA 361 (contending, in response to the individual-capacity defendants' motions to dismiss, that the relief she sought was "damages or nothing" because "[r]einstatement would be unavailing"); JA 394 (contending, in response to the official-capacity defendants' motion to dismiss, that "reinstatement would not be appropriate"). Roe's declaration engages with none of these admissions, but the filings speak for themselves, and further factual development is neither appropriate nor necessary to the Court's review.

2. Even if defendants' brief contained arguments or descriptions of the record that were not supported by Roe's complaint and the proceedings in district court, it still would not be appropriate for this Court to consider Roe's declaration. It is well settled that review of a district court's dismissal under Rule 12(b)(6) is generally limited to the allegations and assertions contained in the complaint. *See, e.g.*, *Nowell v. Medtronic, Inc.*, No. 19-2073, 2021 WL 4979300, at \*6-7 (10th Cir. Oct. 27, 2021) (holding that plaintiff's declaration, which asserted new facts not contained in her complaint, was material outside the pleadings and that the district court therefore did not abuse its discretion in declining to consider it on a motion to dismiss); *Watkins v. Central Broward Regional Park*, 799 F. App'x 659, 664 (11th Cir. 2020) (finding no error where district court declined to consider plaintiff's declaration, even though plaintiff claimed that such declaration merely "'clarif[ied]' the facts," because "review at the motion-to-dismiss stage was limited to the face of the complaint"); *Bruni v. City of Pittsburgh*, 824 F.3d 353, 361 (3d Cir. 2016) (declining to consider plaintiff's hearing testimony and supplemental declarations because those materials were outside the pleadings and not properly considered at the motion-to-dismiss stage).

*Biggs v. North Carolina Department of Public Safety*, 953 F.3d 236 (4th Cir. 2020), offers no support for Roe's assertion (Motion 2) that she is "entitled" to submit a declaration in support of her reply brief, because *Biggs* involved consideration of a declaration in an entirely different posture. In *Biggs*, an employee with the North Carolina Department of Public Safety challenged his demotion from a senior-level

3

position to a role as an entry-level corrections officer as racially discriminatory, and (unlike Roe) requested reinstatement to the senior-level position. *Id.* at 238. After the case had been argued and while the appeal was pending, Biggs retired, and the defendants thus moved to dismiss the appeal as moot. *Id.* at 240. In response, Biggs argued that his retirement as a corrections officer in no way affected the Court's authority to reinstate him to the senior-level position, and he submitted a declaration confirming that at the time of his retirement he had not withdrawn his request for reinstatement. No. 18-2437, Doc. 39-1, at 12; *id.*, Doc. 39-2, at 6. This Court denied the motion to dismiss the appeal, noting that "a post-demotion reinstatement request is moot where the employee retires and there is no evidence that he will seek reemployment in the future." *Biggs*, 953 F.3d at 240. Consideration of Biggs's declaration was therefore necessary to determine whether there was a factual basis for the defendants' new mootness arguments. By contrast, this Court's review of the issues on appeal requires the Court to look only at Roe's complaint—and no further. Roe identifies no decision of this Court or any other permitting a plaintiff to file a declaration in order to "rebut" a description, quotation, or characterization of the record on appeal made in the course of merits briefing, let alone any decision demonstrating her "entitle[ment]" to do so. Motion 2.

3. Apart from expressing her disagreement with defendants' description of the allegations of her complaint pertaining to reinstatement, Roe's declaration includes unsupported speculation, *e.g.* Decl. ¶ 13 (discussing "apparent findings" of sexual

4

harassment), and seeks to add numerous facts that go well beyond the record on appeal, with no clear connection to the district court's dismissal or to defendants' arguments. For instance, Roe's reference (Decl. ¶ 11) to email communications between counsel regarding settlement and mediation discussions appears nowhere in her complaint, has no bearing on whether the district court correctly dismissed her complaint, and is, in any event, an inappropriate reference to settlement discussions. *Cf.* Fed. R. Evid. 408(a)(2).

The Defender's non-reappointment is similarly a fact that was not before the district court on the motions to dismiss and should therefore not be considered on appeal. In her reply brief, Roe cites this fact in support of her assertion that "[r]einstatement may be more feasible." Reply Br. 3. But whether Roe now views reinstatement as "more feasible" has no bearing on the district court's dismissal of her claims, because Roe never requested reinstatement, as discussed above. *See* JA 101. Indeed, her declaration remains equivocal on whether she would accept reinstatement now. There was no cause for the district court (or for this Court on appeal) to consider the feasibility of a remedy in those circumstances, and this Court similarly should not address the issue in the first instance.

Finally, her assertion that the Chief Circuit Mediator told her to withdraw her EDR complaint, coupled with her self-serving statement that she "understood his comments to mean that unless [she] withdrew [her] complaint upon [her] resignation, the FDO could potentially prevent [her] from becoming a Fourth Circuit law clerk" is

likewise information that was never raised in Roe's complaint and that the district court accordingly never considered in determining whether the complaint stated a claim.[1] Roe offers no explanation why her report of the Mediator's comments, let alone her unsupported interpretation of their meaning, was not included among the other allegations in the 85-page complaint that she filed, even though the complaint contains detailed allegations about her conversations with the Mediator regarding the Fourth Circuit clerkship. *See* JA 93-94. Roe did not move to amend her complaint to add similar allegations, and she cannot overcome that failure at this late stage.

    4. To ensure that this Court's review is properly cabined to the record on appeal, defendants respectfully request that the Court deny Roe's motion to file her declaration and disregard all arguments made in reference to that declaration in Roe's reply brief.

---

[1] Roe's reply brief echoes this assertion from her declaration, contending that "[t]he Chief Circuit Mediator informed Roe that unless she withdrew her Chapter X claim upon resignation, the FDO could potentially prevent her employment as a Fourth Circuit clerk," and goes on to assert that this conversation "obstructed the goal of a Chapter X hearing . . . and coerced her to withdraw her claim." Reply Br. 7. The Court should disregard this argument, which has no support in the record.

Respectfully submitted,

H. THOMAS BYRON III
 (202) 616-5367
 /s/ *Amanda L. Mundell*
Amanda L. Mundell
(202) 514-3469
   *Attorneys, Appellate Staff*
   *Civil Division*
   *U.S. Department of Justice*
   *950 Pennsylvania Ave., N.W.*
   *Room 7236*
   *Washington, D.C. 20530*

Gill P. Beck
   *Assistant United States Attorney*
   *Room 233, United States Courthouse*
   *100 Otis Street*
   *Asheville, NC 28801*

Shannon ("Missy") S. Spainhour
(252) 514-2828; Ext. 3634
   *Davis Hartman Wright PLLC*
   *4 Long Shoals Rd., Suite B-461*
   *Asheville, NC 38803*

*Counsel for Defendants-Appellees*

DECEMBER 2021

**CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals of the Fourth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

                                      *Amanda L. Mundell*
                                      AMANDA L. MUNDELL

**CERTIFICATE OF COMPLIANCE**

I certify that this motion complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1424 words. This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Microsoft Word 2016 in Garamond 14-point font, a proportionally spaced typeface.

                                      *Amanda L. Mundell*
                                      AMANDA L. MUNDELL