IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| JANE ROE, | |
| *Plaintiff-Appellant,* | |
| v. | No. 21-1346 |
| UNITED STATES, *et al.,* | |
| *Defendants-Appellees.* | |

## DEFENDANTS' RESPONSE TO MOTION TO DISCLOSE PUBLIC RECORDS FROM THE INTERCIRCUIT-ASSIGNMENT PROCESS

Pursuant to the Court's January 21 order, defendants-appellees submit this response to Roe's third motion pertaining to the intercircuit assignments. The Court granted her first motion, and disclosed the designation and assignment orders for the judges of this panel, in November 2021. The Court denied Roe's second motion, which sought additional information regarding the underlying process by which the assignments were made. Roe's third motion again seeks disclosure of records relating to the intercircuit assignment process. In the response to each motion, defendants have taken no position regarding disclosure of documents related to this appeal that are not confidential or privileged, or that otherwise are permitted to be disclosed under applicable law. Pursuant to this Court's order, defendants now submit this brief response to make clear that litigation counsel had no advance knowledge of the panel's composition prior to this Court's disclosure of the panel on November 1,

2021, and to explain that the arguments in Roe's motion do not support the relief requested and do not demonstrate why disclosure of records pertaining to the selection of this panel should be "compelled," Mot. 3, particularly where she "does not question the impartiality of the panel," Mot. 15. As explained below, there are no *public* records concerning the intercircuit assignment process, and the underlying communications and forms, like all working papers of the Judicial Conference, are ordinarily not subject to disclosure. Nevertheless, in the circumstances of this case, the Judiciary is making a discretionary disclosure of several documents, including the recommendation memorandum to the Chief Justice, the certificates of necessity, and the cover letters accompanying the designation and assignment orders. Those documents are attached to this response.

1. The intercircuit assignment process—that is, the process by which judges from one circuit are assigned to sit in another circuit—is straightforward. The vast majority of intercircuit assignments are requested by a borrowing court to handle caseload burdens. *See* Senate Judiciary Committee, *Use of Visiting Judges in the Federal Courts* (2019), https://go.usa.gov/xtRYh (*Use of Visiting Judges*) ("Visiting judges provide short-term assistance to courts with particularly high caseloads . . . ."); Guidelines for the Intercircuit Assignment of Article III Judges, at 1-2 (2012) (Guidelines) (attached as Exhibit A to plaintiff's motion). A similar process is also used in circumstances such as these, where the judges of an entire district or circuit have recused themselves from serving on a particular case. In that event, judges of

2

the borrowing circuit (here, the Fourth Circuit) do not participate in the selection of the visiting judges. Guidelines at 2. Support staff for the Judicial Conference Committee on Intercircuit Assignments (Committee), in consultation with the Committee Chair, assist with intercircuit assignment requests. *See* 28 U.S.C. § 331 (providing that the Judicial Conference shall "prepare plans for assignment of judges to or from circuits or districts where necessary"); Administrative Office of the U.S. Courts, *About the Judicial Conference*, https://go.usa.gov/xtRgr (explaining that the Judicial Conference "operates through a network of committees," including the Committee on Intercircuit Assignments). Staff of the Administrative Office of the U.S. Courts (AO) support the work of the Judicial Conference and its committees, including the Committee's intercircuit assignment process.

When a borrowing court initiates a request to the Committee for visiting judges, Committee staff consults a roster of judges who have expressed a willingness to serve on panels outside of their home circuit. The staffer then contacts judges on that roster to determine their willingness and availability to serve as visiting judges. If the judges contacted are available and agree to serve on the panel, the Chief Judge of the borrowing circuit signs Certificates of Necessity, affirming the need for assignment of the judges that the Committee has identified, and each of the visiting judges signs a Consent Form, indicating their willingness to serve on the panel. The Chair of the Committee then prepares a recommendation letter identifying the

proposed intercircuit assignments for the Director of the AO.[1]  Guidelines at 4.  The

Director, who serves as Secretary to the Judicial Conference, then forwards the

Committee's recommendation to the Chief Justice of the United States, along with the

certificates of necessity, consent forms, and proposed designation orders for the Chief

Justice's approval.  *Id.*; *see also* 28 U.S.C. §§ 291-294.  In a recent year, the Committee

handled more than 200 intercircuit assignment requests, including those based on

caseload needs, as well as conflicts.  *See Use of Visiting Judges.*

Once the Chief Justice approves the intercircuit assignments, the designation

and assignment orders are distributed to the clerks and circuit executives of the

lending and borrowing courts.  Guidelines at 4.  Pursuant to 28 U.S.C. § 295, the

orders are subsequently "entered on the minutes" of the lending and borrowing

courts.  While some courts—including the district court in this case—enter those

orders on the docket in a specific case, other courts—including the Fourth Circuit—

maintain the orders in their internal records and ordinarily do not enter them on the

docket of a case.

2.  In this case, the process unfolded as expected, with one exception.  The

Director of the AO—Judge Roslynn Mauskopf—recused herself from participating in

the assignment process.  Instead, after a staffer contacted the three judges on this

---

[1] Roe misunderstands the provision of the Guidelines requiring recusal of the Committee Chair "in the instance of the intercircuit assignment of the Chair."  Mot. 4-5 (quoting Guidelines at 4).  That provision addresses the circumstance where the Chair himself is selected to serve as a visiting judge.

4

panel regarding their availability, the Committee Chair submitted the recommendation letter to Lee Ann Bennett, the Deputy Director of the AO, who in turn signed the memorandum recommending that the Chief Justice approve the proposed assignments in this case. *See* Exh. A (memorandum from Lee Ann Bennett to Chief Justice Roberts).

Consistent with the provisions of the Guidelines (at 2), the judges of the Fourth Circuit, including Chief Judge Gregory, did not participate in the selection of the visiting judges designated to hear this appeal. That selection was made by a Committee staffer, and was neither directed nor influenced by any of the named defendants—Chief Judge Gregory, Circuit Executive James Ishida, AO Director Judge Mauskopf, Judge Miller (Chair of the Judicial Conference Committee on Judicial Resources), AO General Counsel Sheryl Walter, or the Federal Defender. Consistent with the Guidelines, Chief Judge Gregory transmitted the certificates of necessity to the Judicial Conference after the Committee had made the selection, *see* Exh. B (certificates of necessity), and Mr. Ishida received notice of the assignments once they were approved by the Chief Justice, *see* Exh. C (letters notifying clerks and circuit executives of the assignments). Although Chief Judge Gregory and Mr. Ishida thereby learned the identity of the judges on the panel, they did not participate in selecting who those judges would be. Undersigned litigation counsel had no involvement in or knowledge of the selection of visiting judges for this appeal. And

counsel did not learn of the panel's composition until the Court disclosed it on November 1, 2021.

3. Principles of due process do not compel disclosure of the records Roe seeks. Roe's due process arguments rest largely on her assertion that disclosure of records is essential to ensuring that the assignment process here was "fair[]" and that there is no "appearance of impropriety." Mot. 15. Although Roe claims that the process of intercircuit assignment "presents fairness concerns" because it "deviates from the judiciary's norm of random assignment of judges to cases," Mot. 10-12, the Constitution does not require judges to be randomly selected, *United States v. Claiborne*, 870 F.2d 1463, 1467 (9th Cir. 1989) (Due Process Clause does not "require[] randomness" in assignment of out-of-circuit judges); *In re Marshall*, 721 F.3d 1031, 1040 (9th Cir. 2013) ("[A] party has no due process right to random case assignment."); *Firishchak v. Holder*, 636 F.3d 305, 309-10 (7th Cir. 2011) ("The Fifth Amendment's due process clause guarantees the right to an impartial decisionmaker," not "a randomly assigned judge.").

In any event, Roe's fairness concerns are misplaced. She does not dispute that the designation orders disclosed by the panel on November 1, 2021, were properly issued, *see* Mot. 6; *Wrenn v. District of Columbia*, 808 F.3d 81, 83-84 (D.C. Cir. 2015), and she concedes that this panel will review her appeal fairly and impartially, Mot. 15. The staffer who contacted the judges selected for this panel, and the Committee Chair who recommended their assignment, have no "stake" in the outcome of Roe's appeal,

despite their formal affiliation with the Judicial Conference or the AO. Mot. 12-14. And the Constitution does not require that all support staff and every member of the entire Judicial Conference should have recused themselves from the intercircuit assignment process. *See* Mot. 4. The staffer and Chair's limited participation, pursuant to the well-established procedure described in the Guidelines, are essential to the functioning of the intercircuit assignment process, and their roles here were consistent with that procedure. Their participation in that process, in the context of the underlying claims in this case, do not create the "appearance of impropriety or conflict of interest." Mot. 15. Roe named the Judicial Conference and the AO as defendants based on their alleged involvement with the resolution of her underlying claims of sexual harassment, but neither the staffer nor the Chair were involved with the development of the Fourth Circuit's EDR Plan or the handling of Roe's claims under the Plan, and neither is named as a defendant in this case.

4. Nor is there is a public right of access to internal records of the Judiciary concerning administration of the courts, including internal memoranda and correspondence. As an initial matter, no statute requires the disclosure of those administrative records. The Freedom of Information Act does not apply to the Judiciary. 5 U.S.C. § 551(1). And Roe cites no other provision of law that would require the disclosure of the working papers of the AO and the Judicial Conference.

Roe identifies no instance where a court has ordered disclosure of internal judiciary documents such as the ones Roe seeks, and defendants are aware of none.

Roe offers no authority for her suggestion that the public's "right to inspect and copy . . . *judicial* records and documents"—that is, litigation documents that are "filed with the court," and "integrated into a . . . court's adjudicatory proceedings"—extends to internal records of the Judicial Branch related to court administration, which are not filed in judicial proceedings. Mot. 16 (emphasis added); *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001).

The records of court administration in ordinary litigation, such as the process of selection and assignment of a judge or a panel of judges to hear and decide a case, are not ordinarily made public. Like a wide range of other materials, intercircuit assignment documents are considered by the Judiciary to be records for *retention and disposition* purposes. *See* Guide to Judiciary Policy, Vol. 10, Appx. 6A. But that says nothing about whether such records are required to be *disclosed* to the public or to a party to a lawsuit.

Moreover, although Roe insists that "all records"[2] from the intercircuit assignment process should be disclosed, Mot. 2, her motion does not offer any justification for seeking disclosure of any records that are privileged or confidential. Although records related to intercircuit assignments are subject to retention requirements, most or all of the documents Roe appears to request—internal

---

[2] Insofar as Roe seeks disclosure of records pertaining to the intercircuit assignment at the *district court* level beyond those already disclosed, Mot. 2 & Ex. B, that request is untimely.

correspondence and memoranda pertaining to the identification, selection, and recommendation of the judges of this panel—would presumably be protected from disclosure as deliberative or otherwise confidential.  Particularly given that no party questions the impartiality of this panel, Roe offers no basis—constitutional or otherwise—for disclosure of confidential records pertaining to the intercircuit assignment process conducted here.  Despite those ordinary protections, the Judiciary has disclosed the attached documents in order to facilitate this Court's consideration of the motion.

Respectfully submitted,

H. THOMAS BYRON III
(202) 616-5367
/s/ *Amanda L. Mundell*
Amanda L. Mundell
(202) 514-3469
   *Attorneys, Appellate Staff*
   *Civil Division*
   *U.S. Department of Justice*
   *950 Pennsylvania Ave., N.W.*
   *Room 7236*
   *Washington, D.C. 20530*

Gill P. Beck
   *Assistant United States Attorney*
   *Room 233, United States Courthouse*
   *100 Otis Street*
   *Asheville, NC 28801*

Shannon ("Missy") S. Spainhour
(252) 514-2828; Ext. 3634
   *Davis Hartman Wright PLLC*
   *4 Long Shoals Rd., Suite B-461*
   *Asheville, NC 38803*

*Counsel for Defendants-Appellees*

JANUARY 2022

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals of the Fourth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*Amanda L. Mundell*
AMANDA L. MUNDELL

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2026 words. This filing also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Microsoft Word 2016 in Garamond 14-point font, a proportionally spaced typeface.

*Amanda L. Mundell*
AMANDA L. MUNDELL

# EXHIBIT A



HONORABLE ROSLYNN R. MAUSKOPF
Director

LEE ANN BENNETT
Deputy Director

# ADMINISTRATIVE OFFICE OF THE
# UNITED STATES COURTS

WASHINGTON, D.C. 20544

May 7, 2021

MEMORANDUM

To:        The Chief Justice

From:    Lee Ann Bennett *Lee Ann Bennett*

RE:        INTERCIRCUIT ASSIGNMENTS

Attached for your signature, if you approve, are intercircuit assignments as follows:

| Honorable Mary Beck Briscoe<br>Tenth Circuit | to | Fourth Circuit<br>21-1346, Roe v. US |
|---|---|---|
| Honorable Ronald Lee Gilman<br>Sixth Circuit | to | Fourth Circuit<br>21-1346, Roe v. US |
| Honorable Michael J. Melloy<br>Eighth Circuit | to | Fourth Circuit<br>21-1346, Roe v. US |

The certificates of necessity and consent forms are attached.  The Committee recommends your approval.

Attachments

cc:    Jeffrey P. Minear

---

# EXHIBIT B

# Judicial Conference of the United States
## Committee on Intercircuit Assignments

### CERTIFICATE OF NECESSITY

Pursuant to 10 U.S.C. § 942(f) or 28 U.S.C. § 291(a), 292(d) or (e), 293(a), or 294(d), and the Guidelines for the Intercircuit Assignment of Article III Judges, I certify that a need exists for the designation and assignment of a United States judge from another circuit (or special court) to perform judicial duties in the following court:

United States Court of Appeals for the Fourth Circuit

Name and Title of Judge to be assigned:

Honorable Mary Beck Briscoe

Senior Judge, U.S. Court of Appeals for the Tenth Circuit

Period of assignment:

from

**OR**

Specific case(s):   21-1346 Roe v. US

This requested assignment is for the period or purpose stated, and for such time as needed in advance to prepare and to issue necessary orders, or thereafter as required to complete unfinished business.

Signature of Chief Judge Roger L. Gregory

United States Court of Appeals for the Fourth Circuit

Name of Circuit (or special court)

Date:   April 7, 2021

**Please submit the signed form to the Intercircuit Assignments Database System via your circuit representative at least one month or more in advance of the assignment.**

AO 81
(Rev. 04/19)

# Judicial Conference of the United States
## Committee on Intercircuit Assignments

### CERTIFICATE OF NECESSITY

Pursuant to 10 U.S.C. § 942(f) or 28 U.S.C. § 291(a), 292(d) or (e), 293(a), or 294(d), and the Guidelines for the Intercircuit Assignment of Article III Judges, I certify that a need exists for the designation and assignment of a United States judge from another circuit (or special court) to perform judicial duties in the following court:

United States Court of Appeals for the Fourth Circuit

Name and Title of Judge to be assigned:

Honorable Ronald Lee Gilman

Senior Judge, U.S. Court of Appeals for the Sixth Circuit

Period of assignment:

from

**OR**

Specific case(s):   21-1346 Roe v. US

This requested assignment is for the period or purpose stated, and for such time as needed in advance to prepare and to issue necessary orders, or thereafter as required to complete unfinished business.

Signature of Chief Judge Roger L. Gregory

United States Court of Appeals for the Fourth Circuit

Name of Circuit (or special court)

Date:   April 7, 2021

**Please submit the signed form to the Intercircuit Assignments Database System via your circuit representative at least one month or more in advance of the assignment.**

# JUDICIAL CONFERENCE OF THE UNITED STATES
## COMMITTEE ON INTERCIRCUIT ASSIGNMENTS

### CERTIFICATE OF NECESSITY

Pursuant to 10 U.S.C. § 942(f) or 28 U.S.C. § 291(a), 292(d) or (e), 293(a), or 294(d), and the Guidelines for the Intercircuit Assignment of Article III Judges, I certify that a need exists for the designation and assignment of a United States judge from another circuit (or special court) to perform judicial duties in the following court:

United States Court of Appeals for the Fourth Circuit

Name and Title of Judge to be assigned:

Honorable Michael J. Melloy

Senior Judge, U.S. Court of Appeals for the Eighth Circuit

Period of assignment:

from

**OR**

Specific case(s):   21-1346 Roe v. US

This requested assignment is for the period or purpose stated, and for such time as needed in advance to prepare and to issue necessary orders, or thereafter as required to complete unfinished business.

Signature of Chief Judge Roger L. Gregory

United States Court of Appeals for the Fourth Circuit

Name of Circuit (or special court)

Date:    April 7, 2021

**Please submit the signed form to the Intercircuit Assignments Database System via your circuit representative at least one month or more in advance of the assignment.**

# EXHIBIT C



HONORABLE ROSLYNN R. MAUSKOPF
Director

LEE ANN BENNETT
Deputy Director

LEEANN YUFANYI
Acting Associate Director
Department of Program Services

WILLIAM T. BARTO
Chief
Judicial Services Office

# ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS

May 13, 2021

Mr. Christopher Wolpert
Clerk, United States Court of Appeals for the Tenth Circuit
Byron White U.S. Courthouse
1823 Stout Street, Room 121
Denver, CO 80257-1823

Ms. Patricia S. Connor
Clerk, United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. U.S. Courthouse Annex
1100 East Main Street, Ste 501
Richmond, VA 23219-3525

Dear Mr. Wolpert and Ms. Connor:

Enclosed is the Chief Justice's designation of the Honorable Mary Beck Briscoe of the United States Court of Appeals for the Tenth Circuit to perform judicial duties in the United States Court of Appeals for the Fourth Circuit in 21-1346, Roe v. US. Pursuant to 28 U.S.C. § 295, please file and enter this assignment on the minutes of your respective courts.

Please feel free to contact me at (202) 502-1177 if you have any questions or concerns.

Sincerely,

Anne McKenna
Senior Attorney
Judicial Programs

Enclosures:     (Clerk of Lending Court, Mr. Wolpert - Original Designation)
                (Clerk of Borrowing Court, Ms. Connor - Certified Copy of Designation)

cc:     Honorable Mary Beck Briscoe
        Mr. David Tighe
        James N. Ishida



HONORABLE ROSLYNN R. MAUSKOPF
Director

LEE ANN BENNETT
Deputy Director

LEEANN YUFANYI
Acting Associate Director
Department of Program Services

WILLIAM T. BARTO
Chief
Judicial Services Office

# ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS

May 13, 2021

Ms. Deborah S. Hunt
Clerk, United States Court of Appeals for the Sixth Circuit
Potter Stewart U.S. Courthouse
100 East Fifth Street, Room 540
Cincinnati, OH 45202

Ms. Patricia S. Connor
Clerk, United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. U.S. Courthouse Annex
1100 East Main Street, Ste 501
Richmond, VA 23219-3525

Dear Ms. Hunt and Ms. Connor:

Enclosed is the Chief Justice's designation of the Honorable Ronald Lee Gilman of the United States Court of Appeals for the Sixth Circuit to perform judicial duties in the United States Court of Appeals for the Fourth Circuit in 21-1346, Roe v. US. Pursuant to 28 U.S.C. § 295, please file and enter this assignment on the minutes of your respective courts.

Please feel free to contact me at (202) 502-1177 if you have any questions or concerns.

Sincerely,

Anne McKenna
Senior Attorney
Judicial Programs

Enclosures:     (Clerk of Lending Court, Ms. Hunt - Original Designation)
                (Clerk of Borrowing Court, Ms. Connor - Certified Copy of Designation)

cc:     Honorable Ronald Lee Gilman
        Mr. Marc A Theriault
        James N. Ishida

A TRADITION OF SERVICE TO THE FEDERAL JUDICIARY



HONORABLE ROSLYNN R. MAUSKOPF
Director

LEE ANN BENNETT
Deputy Director

LEEANN YUFANYI
Acting Associate Director
Department of Program Services

WILLIAM T. BARTO
Chief
Judicial Services Office

# ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS

May 13, 2021

Mr. Michael Gans
Clerk, United States Court of Appeals for the Eighth Circuit
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street, Room 24.329
St. Louis, MO 63102-1116

Ms. Patricia S. Connor
Clerk, United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. U.S. Courthouse Annex
1100 East Main Street, Ste 501
Richmond, VA 23219-3525

Dear Mr. Gans and Ms. Connor:

Enclosed is the Chief Justice's designation of the Honorable Michael J. Melloy of the United States Court of Appeals for the Eighth Circuit to perform judicial duties in the United States Court of Appeals for the Fourth Circuit in 21-1346, Roe v. US.  Pursuant to 28 U.S.C. § 295, please file and enter this assignment on the minutes of your respective courts.

Please feel free to contact me at (202) 502-1177 if you have any questions or concerns.

Sincerely,

Anne McKenna
Senior Attorney
Judicial Programs

Enclosures:     (Clerk of Lending Court, Mr. Gans - Original Designation)
                (Clerk of Borrowing Court, Ms. Connor - Certified Copy of Designation)

cc:     Honorable Michael J. Melloy
        Ms. Millie Adams
         James N. Ishida