IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| CARYN DEVINS STRICKLAND,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants-Appellees. | No. 21-1346 |

**OBJECTION TO BILL OF COSTS**

Pursuant to Federal Rule of Appellate Procedure 39(a)(4) and (d)(2), defendants-appellees object to plaintiff's bill of costs. Federal Rule of Appellate Procedure 39(a)(4) provides that, "if a judgment is affirmed in part, reversed in part, modified, or vacated" on appeal, "costs are taxed only as the court orders." In this case, the Court affirmed in part and reversed in part the judgment on appeal; costs are therefore taxable "only as the [C]ourt orders." Fed. R. App. P. 39(a)(4). Because both parties prevailed only in part and this Court's opinion and judgment did not address the allocation of costs between the parties, Rule 39 directs that the parties should bear their own costs. Plaintiff's request for costs should therefore be denied.

1. Plaintiff Caryn Strickland, a former federal public defender, alleges that she experienced sexual harassment in the workplace. She brought suit against numerous

federal defendants, including several named in their individual capacities,[1] alleging that they violated Strickland's Fifth Amendment rights to due process and equal protection and conspired to violate her civil rights under 42 U.S.C. §§ 1985(3) and 1986. The district court dismissed Strickland's claims, concluding that sovereign immunity barred her claims against the United States and the defendants who were sued in their official capacities. *Roe v. United States*, 510 F. Supp. 3d 336, 342 (W.D.N.C. 2020). With respect to the defendants sued in their individual capacities, the court concluded that Strickland failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Id.*

2. This Court affirmed in part, reversed in part, and remanded for further proceedings. *Strickland v. United States*, 32 F.4th 311, 321 (4th Cir. April 26, 2022). The Court affirmed the dismissal of all of the claims against the individual-capacity defendants, holding that Strickland failed to state a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and 42 U.S.C. §§ 1985(3) and 1986. *Strickland*, 32 F.4th at 321. The Court also concluded that the district court properly dismissed

---

[1] Defendants are: the United States; the Judicial Conference of the United States; Judge Brian Stacy Miller, in his official capacity as Chair of the Judicial Conference Committee on Judicial Resources; the Administrative Office of the U.S. Courts (AO); Judge Roslynn Mauskopf, in her official capacity as Director of the AO; former AO General Counsel Sheryl Walter, in her individual capacity; the Fourth Circuit; the Judicial Council of the Fourth Circuit; Chief Judge Roger Gregory in his individual and official capacities; Circuit Executive James Ishida, in his individual and official capacities; Anthony Martinez in his individual capacity; and Federal Public Defender John G. Baker, in his official capacity.

Strickland's due process claim insofar as she asserted a deprivation of a liberty interest. *Id.* at 320. To the extent that Strickland claimed a deprivation of property rights, however, the Court explained that, although Strickland "fail[ed] to adequately allege a facial challenge to the [Fourth Circuit's Employment Dispute Resolution] Plan," she "adequately allege[d] an as-applied challenge to the . . . Plan." *Id.* The Court further held that "Strickland's Fifth Amendment equal protection claim, to the extent it is asserted against the Official Capacity Defendants, is sufficient to survive the motions to dismiss." *Id.* With respect to the relief sought, the Court held that sovereign immunity barred Strickland's claims for back pay but not for prospective equitable relief. *Id.* Neither the Court's opinion nor its separate judgment order discussed the allocation of costs between the parties.

On May 6, 2022, Strickland filed a bill of costs for the appellate docketing fee and copying costs associated with producing her briefs and the joint appendix.

3. Federal Rule of Appellate Procedure 39(a) provides that costs are taxed against the appellee "if a judgment is reversed." Fed. R. App. P. 39(a)(3). But where, as here, "a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders." Fed. R. App. P. 39(a)(4). In addition, "[c]osts for or against the United States, its agency, or officer will be assessed under Rule 39(a) only if authorized by law." Fed. R. App. P. 39(b).

Under these provisions, costs should not be taxed against appellees in this case because no party prevailed in full and the Court did not enter an order taxing costs

3

against either party. The Federal Rules of Appellate Procedure do not provide that one party should bear the costs of an adverse party when a district court decision is affirmed in part, reversed in part, modified, or vacated, unless the court specifically orders a party to do so. *See* Fed. R. App. P. 39(a)(4). That makes sense because when, as here, a judgment is affirmed in part and reversed in part, each side of the appeal prevails in part and loses in part. *L-3 Communications Corp. v. OSI Systems, Inc.*, 607 F.3d 24, 29 (2d Cir. 2010) (explaining that Rule 39(a)(4) "acknowledges that there are some circumstances in which the disposition on appeal will not lend itself to a ready determination of which party, if any, should bear costs on appeal"). In that circumstance, the "appellate court [must] make a determination about which party, if any, should bear costs before costs may be taxed." *Id.* The Court's opinion resolving Strickland's appeal did not make this determination, and neither did its judgment order. And nothing in the Court's opinion suggests that Rule 39(a)(4)'s default rule that each party bears its own costs should not apply here. Plaintiff's request for costs should therefore be denied.

4

Respectfully submitted,

H. THOMAS BYRON III
 (202) 616-5367
 /s/ *Amanda L. Mundell*
Amanda L. Mundell
(202) 514-3469
   *Attorneys, Appellate Staff*
   *Civil Division*
   *U.S. Department of Justice*
   *950 Pennsylvania Ave., N.W.*
   *Room 7236*
   *Washington, D.C.  20530*

Gill P. Beck
   *Assistant United States Attorney*
   *Room 233, United States Courthouse*
   *100 Otis Street*
   *Asheville, NC 28801*

*Counsel for Defendants-Appellees*

MAY 2022

5

**CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals of the Fourth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

                                                */s/ Amanda L. Mundell*
                                                AMANDA L. MUNDELL

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 921 words. This filing also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Microsoft Word 2016 in Garamond 14-point font, a proportionally spaced typeface.

                                                */s/ Amanda L. Mundell*
                                                AMANDA L. MUNDELL